# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

No. 18-40760
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO LONGORIA-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-222-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Following a trial, a jury convicted Mario Alberto Longoria-Nunez of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and one count of aiding and abetting the possession of five kilograms or more of cocaine, with intent to distribute. Longoria-Nunez now appeals his convictions, arguing that the verdict form used by the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constructively amended his superseding indictment and that the evidence was insufficient to support his convictions.

The Fifth Amendment guarantees a defendant indicted by a grand jury the right to be tried solely based on the grand jury's allegations. *See Stirone v. United States*, 361 U.S. 212, 215-18 (1960). Constructive amendment "occurs when the trial court through its instructions and facts it permits in evidence, allows proof of an essential element of the crime on an alternative basis provided by the statute but not charged in the indictment." *United States v. Phillips*, 477 F.3d 215, 222 (5th Cir. 2007) (internal quotation marks and citation omitted).

Here, the superseding indictment alleged that each offense involved "more than five (5) kilograms" of cocaine, "that is, approximately nineteen and nine-tenths (19.9) kilograms of cocaine." Longoria-Nunez argues that the special questions in the verdict form that asked whether each offense involved five kilograms of cocaine should have asked, instead, whether each offense involved 19.9 kilograms of cocaine. The special interrogatories did not concern the validity of his convictions, however. Rather, the superseding indictment alleged amounts of a controlled substance that triggered the enhanced penalties under 21 U.S.C. § 841(b)(1)(A), and the jury questions were thus directed to sentencing issues. *See United States v. Daniels*, 723 F.3d 562, 570-72 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013). Moreover, drug quantity and type are not "formal" elements of a drug conspiracy or possession offense, *id.* at 572-74; *see United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003), and either quantity of cocaine—five kilograms or 19.9 kilograms—would trigger the same statutory penalties, *see* § 841(b)(1)(A); 21 U.S.C. § 846; 18 U.S.C. § 2. No constructive amendment occurred. *See Phillips*, 477 F.3d at 222.

Longoria-Nunez next challenges the district court's denial of his motion for a judgment of acquittal. He argues that the trial evidence was insufficient to prove that he had actual knowledge of the cocaine concealed in the vehicle he was driving. We review preserved sufficiency-of-the-evidence challenges de novo. *United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013). We will affirm the verdict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

When, as in this case, the illegal drugs are concealed in a hidden compartment, the Government must present circumstantial evidence, beyond mere control of a vehicle, that is suspicious in nature or demonstrates guilty knowledge. *See United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017. Such circumstantial evidence may include, inter alia, evidence of consciousness of guilt, conflicting or inconsistent statements, or an implausible account of events. *See id*.

At trial, the Government presented ample circumstantial evidence that Longoria-Nunez's story—that he was traveling from the United States-Mexico border to Kansas City, or even to Arkansas, to purchase a thresher machine—was simply implausible. *See United States v. Diaz-Carreon*, 915 F.2d 951, 955 (5th Cir. 1990). Longoria-Nunez provided inconsistent statements to Border Patrol agents. *See id*. at 954-55. Moreover, the substantial quantity and value of the cocaine provides further support for the jury's verdict. *See United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003). The evidence, when viewed in the light most favorable to the Government, sufficiently establishes Longoria-Nunez's guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

AFFIRMED.